IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**LORENZO ROBERTSON,**
**ADC #132212**                                                                                    **PLAINTIFF**

**V.**                    **CASE NO. 5:18-CV-123-DPM-BD**

**OZELL PACE,** *et al.*                                                                **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections**

This Recommended Disposition (Recommendation) has been sent to Judge D.P. Marshall Jr. Any party may file written objections to the Recommendation's findings and conclusion. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed with the Clerk of Court within 14 days of this Recommendation. If no objections are filed Judge Marshall can adopt this Recommendation without independently reviewing the record. Also, if parties do not filed objections, they risk waiving the right to appeal questions of fact.

**II.     Background**

Plaintiff Lorenzo Robertson, an inmate in the Arkansas Department of Correction (ADC), filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) Mr. Robertson claims that Defendants Pace, Hester, Martin, and Smith (Defendants) failed to conduct routine security checks and property searches at the

ADC's Varner Unit. He alleges that a fellow inmate stabbed him on January 29, 2018, as a direct result of the Defendants' failure. (#2)

Defendants moved for summary judgment, contending that Mr. Robertson had not fully exhausted his administrative remedies at the time he filed this lawsuit. (#36) After reviewing the Defendants' evidence in support of their motion, this Court recommended that the motion be denied because Defendants had not met their burden to show that Mr. Robertson did not exhaust his grievance. (#46); see *Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015) (citing *Jones v. Bock*, 549 U.S. 199, 211-12, (2007)) (holding that failure to exhaust is an affirmative defense; thus, defendants have the burden of raising and proving the absence of exhaustion).

Defendants objected to the partial recommendation and, in their objection, included supplemental material for Judge Marshall to consider. (#49) In light of the new evidence, Judge Marshall remanded the case for further consideration of the exhaustion issue. (#57)

On May 6, 2019, Mr. Robertson appealed the order denying appointment of counsel (#12), the order staying discovery (#35), and the order denying Mr. Robertson's motion for trial (#56). (#72) The Eighth Circuit has now dismissed Mr. Robertson's appeal for lack of jurisdiction. (#85) Accordingly, the issue of exhaustion is now ripe for review.

**III.    Discussion**

There are four grievance forms in the record relevant to the claims raised in this lawsuit: VU-18-00085 (#38-3, p.1); VU-18-00145 (#38-3, p.4); an unnumbered unit level grievance form submitted to a staff member on February 1, 2018 (Grievance A) (#39, p.3); and an unnumbered unit-level grievance Mr. Robertson dated February 9, 2018 (Grievance B) (#39, p.4).

It is undisputed that Mr. Robertson failed to fully exhaust grievances VU-18-00085 and VU-18-00145.[1] It is also clear he did not fully exhaust Grievance B, given that the section indicating that the grievance was submitted to a problem solver for a resolution at step one is blank.[2] (#39 at 4)

That leaves Grievance A. As with the other three grievances, Grievance A was not fully exhausted. It was signed by a staff member on February 1, 2018, but it did not proceed far enough into the process to be assigned a number. The question remains as to whether Mr. Robertson should be excused for failing to fully exhaust Grievance A.

In Grievance A, which was written after he was stabbed, Mr. Robertson complained that he had written an inmate request to Warden Jared (not a Defendant) and

---

[1] Mr. Robertson did not properly appeal VU-18-00085 to the deputy director; and he failed to attach the form to his appeal in VU-18-00145. (#38-2; #38-3)

[2] Grievance B appears to be identical to VU-18-00085, except that Grievance B is unnumbered and bears a stamp toward the bottom of the sheet: "RETURNED TO INMATE FOR THE FOLLWING REASON(S): NOT PROCESSED ANSWERED/REJECTED OR A DUPLICATE."

to Classification asking to be moved. In Grievance A, Mr. Robertson stated that he did not feel safe due to multiple stabbings that had occurred in his barracks. (#39, p.3)

A staff member noted on Grievance A that it was received and dated it February 1, 2018. (*Id.*) As with Grievance B, a stamp on the form indicates that the grievance was, "RETURNED TO INMATE FOR THE FOLLOWING REASON(S): NOT PROCESSED ANSWERED/REJECTED OR A DUPLICATE." (*Id.*) As noted in the previous recommendation, the Defendants offered no explanation in their summary judgment motion, beyond the stamped information, as to why Grievance A was rejected. (#46 at 5).

Because grievances VU-18-00085 and VU-18-00145 were filed *after* Mr. Robertson submitted Grievance A, his complaints in Grievance A could not have been "previously answered/rejected" in—or duplicative of—VU-18-00085 or VU-18-00145. The only remaining option is "not processed." The Court was left to speculate as to why Grievance A was "not processed." If ADC officials' failure to process Grievance A was in violation of ADC policy, they could not successfully argue that Mr. Robertson failed to exhaust his administrative remedies prior to filing this lawsuit. See *Green v. Harmon*, No. 2:07-CV-3-JMM (E.D. Ark. Feb. 8, 2007) (while failure to process a grievance is not actionable, it may defeat an affirmative defense of failure-to-exhaust). As noted in the October 31, 2018 Recommendation, failure to exhaust administrative remedies is an affirmative defense and must be supported by admissible evidence. (#46)

In their objection to the October Recommendation, Defendants explained, for the first time, why Grievance A was not processed: Mr. Robertson sent his copy of Grievance

4

A to the wrong place. (#49) That is, he sent it to the grievance coordinator's office at ADC's central office rather than depositing it in the grievance box or giving it to a staff member. (*Id.*) Under the ADC's grievance procedure, set out in Administrative Directive (AD) 14-16, an inmate may submit a grievance by only two means—i.e., by depositing it in the grievance box or by giving it to a staff member; otherwise, the grievance will not be "processed." (#38-1 at 8)

Mr. Robertson has presented no evidence to rebut the Defendants' new evidence showing that he erroneously sent Grievance A to the grievance coordinator's office. Likewise, there is no evidence to show that ADC officials interfered with Mr. Robertson's attempt to properly file Grievance A or that they failed to process a Grievance A in contravention of the grievance policy.

Mr. Robertson argues that he should be excused from the exhaustion requirement because Grievance A was never returned to him. (#51) Under the explicit terms of the Grievance Policy, inmates may proceed through the process even if officials fail to return a grievance within the time specified in the policy.

Defendants have met their burden to show that Mr. Robertson did not fully exhaust any of the claims he raises here before filing his complaint. They are entitled to dismissal without prejudice.

## IV. <u>Conclusion</u>

The Court recommends that Defendants' motion for summary judgment on the issue of exhaustion (#36) be GRANTED and that this case be DISMISSED, without prejudice.

If the motion is granted, Mr. Robertson's pending motion to compel discovery (#61), motion to change venue (#62), motion to lift the discovery stay (#64), second motion to lift the discovery stay (#66), motion for a direct verdict (#70), motion for a status update (#71), third motion to lift the discovery stay (#76), motion for evidentiary hearing (#78), motion for acknowledgment (#83), and second motion for a direct verdict (#84) should all be DENIED, as moot.

DATED this 1st day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE